UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>    Plaintiff,<br><br>    v.<br><br>**ANDREW TORREGROSSA & SONS, INC.,**<br>  a New York corporation;<br>**ANDREW L. TORREGROSSA,** individually and<br>  as an officer of the corporation; and<br>**JOHN L. TORREGROSSA,** individually and as an<br>  officer of the corporation;<br><br>    Defendants. | Civil Action No.: CV 12-3198<br><br>(Irizarry, J.)<br>(Mann, M.J.) |

## CONSENT DECREE

**WHEREAS**, the United States of America ("Plaintiff"), has commenced this action by filing the Complaint herein; Defendants Andrew Torregrossa & Sons, Inc., Andrew L. Torregrossa, and John L. Torregrossa have waived service of the Summons and Complaint; the parties have been represented by the attorneys whose names appear hereafter; and the parties have agreed to settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law and without Defendants admitting liability for any of the matters charged in the Complaint other than jurisdictional facts;

## ORDER

**THEREFORE**, on the joint motion of the Plaintiff and Defendants, it is **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

## FINDINGS

1. This Court has jurisdiction of the subject matter and of the parties.

2. The Complaint states a claim upon which relief may be granted against the Defendants under Sections 5(a)(1), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 56(a).

3. Venue in this district is proper under 28 U.S.C. §§ 1391(b-c) and 1395(a) and 15 U.S.C. § 53(b).

4. The activities of Defendants are in or affecting commerce as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. Entry of this Order is in the public interest.

6. Defendants stipulate to the entry of this Order freely and without coercion. Defendants further acknowledge that they have read the provisions of this Order and are prepared to abide by them.

7. All parties waive all rights to appeal or otherwise challenge or contest the validity of this Order.

8. The parties shall each bear their own costs and attorneys' fees incurred in this action. Defendants waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## DEFINITIONS

1. "Individual Defendants" means Andrew L. Torregrossa, and John L. Torregrossa.

2. "Corporate Defendant" means Andrew Torregrossa & Sons, Inc., and its successors and assigns. The Corporate Defendant is a "funeral provider" offering "funeral goods" and "funeral services" under 16 C.F.R. §§ 453.1(h)-(j).

3.  "Defendants" means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

4.  "Funeral goods" are the goods which are sold or offered for sale directly to the public for use in connection with funeral services.

5.  "Funeral Rule" or "Rule" means the Trade Regulation Rule Concerning Funeral Industry Practices issued by the Federal Trade Commission ("FTC" or "Commission"), 16 C.F.R. Part 453. Copies of the Funeral Rule and the FTC publication, "Complying with the Funeral Rule," are attached hereto as Exhibits A and B, respectively.

6.  "Funeral services" are any services which may be used to: (1) Care for and prepare deceased human bodies for burial, cremation or other final disposition; and (2) arrange, supervise or conduct the funeral ceremony or the final disposition of deceased human bodies.

## I. INJUNCTION

**IT IS THEREFORE ORDERED** that Defendants and their officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are permanently enjoined from, directly or through any corporation, subsidiary, division, or other device:

A.  Requiring the purchase of any funeral good or funeral service, including but not limited to a casket, as a condition of furnishing any other funeral good or funeral service to a person arranging a funeral, or refusing to provide funeral services to a person seeking to arrange a funeral who wants to use third-party funeral goods, including but not limited to a casket;

B.  Requiring payment of any fee as a condition to furnishing any funeral good or funeral service to a person arranging a funeral, including but not limited to a fee for handling a casket purchased from a third party, except that Defendants may charge a fee for: (1) the services of the

funeral director and staff (the "basic services fee"), (2) other funeral services and funeral goods selected by a customer, and (3) other funeral goods or services necessitated by any legal, cemetery or crematory requirements described in writing on Defendants' statement of the funeral goods and services a customer has selected;

C.     Failing to give consumers who inquire in person a general price list they can keep upon beginning discussion of the overall type of funeral service or disposition, specific funeral goods or services offered, or the prices of such goods or services;

D.     Failing to include the following disclosure clearly and conspicuously on Defendants' general price list:

> "The goods and services shown below are those we can provide to our customers. You may choose only the items you desire. If legal or other requirements mean you must buy any items you did not specifically ask for, we will explain the reason in writing on the statement we provide describing the funeral goods and services you selected."

*Provided, however*, that if the basic services fee cannot be declined by the purchaser, the disclosure must include the sentence: "However, any funeral arrangements you select will include a charge for our basic services" between the second and third sentences of the disclosure. *Provided further*, that this sentence may include the phrase "and overhead" after the word "services" if the fee includes a charge for the recovery of unallocated funeral provider overhead;

E.     Failing to show consumers who inquire in person about the offerings or prices of caskets or alternative containers a casket price list upon beginning discussion of caskets, but in any event before showing any caskets, models, or pictures of caskets;

F.   Failing to show consumers who inquire in person about outer burial container offerings or prices an outer burial container price list upon beginning discussion of outer burial containers, vaults or grave liners, but in any event before showing any outer burial containers, vaults or grave liners, or models or pictures thereof;

G.   Failing to tell any person who asks by telephone about Defendants' offerings or prices any accurate information from Defendants' price lists and any other readily available information that reasonably answers the question; and

H.   Failing to give each person who arranges a funeral or other disposition of human remains an itemized written statement of all funeral goods and funeral services selected to keep at the conclusion of the discussion of arrangements.

I.   Any other provision of the Funeral Rule; *provided, however*, that pursuant to 16 C.F.R. § 453.4(b)(3)(ii), Defendants are not required to comply with a request for a combination of funeral goods or funeral services that would be impossible, impractical or excessively burdensome to provide.

## II. CIVIL PENALTY

IT IS FURTHER ORDERED that:

A.   Defendants shall pay to Plaintiff a civil penalty, pursuant to Section 5(m)(1)(A) of the Federal Trade Commission Act, 15 U.S.C. § 45(m)(1)(A), in the amount of Thirty-Two Thousand Dollars ($32,000).

B.   Defendants shall make the payment required by Section II.A. within five (5) days of the date of entry of this Order, by transferring the sum of Thirty-Two Thousand Dollars ($32,000) in the form of a wire transfer or certified or cashier's check made payable to the Treasurer of the United States. The check or written confirmation of the wire transfer shall be delivered in

accordance with procedures specified by the Consumer Protection Branch, Civil Division, U.S. Department of Justice, Washington, DC 20530.

C. In the event of any default in payment required to be made under this Order, the entire unpaid penalty, together with interest from the date of default to the date of payment, as computed pursuant to 28 U.S.C. § 1961, shall immediately become due and payable.

D. Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendants shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise.

E. In accordance with 31 U.S.C. § 7701, Defendants are hereby required, unless they have done so already, to furnish to the Commission their taxpayer identifying numbers (social security number or employer identification number). Such numbers may be used solely for purposes of collecting and reporting on any delinquent amount arising out of Defendants' relationship with the government, and may not, unless otherwise permitted by law, be disclosed by the Commission.

F. Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true, without further proof, in any subsequent civil litigation filed by or on behalf of the Commission to enforce its rights to any payment or money judgment pursuant to this Order.

G. Defendants agree that the judgment represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, therefore, as to the Individual Defendants, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

## III. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A.   One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

   1.   Each Defendant must: (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of Plaintiff and the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to Plaintiff and the Commission;

   2.   Additionally, each Individual Defendant must: (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.   For 10 years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.   Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of the Corporate Defendant or any entity that the Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.   Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious names, or residence address; or (b) title or role in any business selling or offering to sell funeral goods or funeral services, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.   Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D.   Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.   Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight

courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: United States v. Andrew Torregrossa & Sons, Andrew L. Torregrossa, Jr., and John L. Torregrossa, FTC File No.: 1123132.

## IV. RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, the Corporate Defendant, for any business that has sold or offered to sell funeral goods or funeral services, and each Individual Defendant, for any such business. in which that Defendant, individually or collectively with any other Defendant, is a majority owner or directly or indirectly controls must maintain the following records:

A.  Accounting records showing the revenues from all goods and services sold by each such business, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.  Personnel records showing, for each person providing services, whether an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable the reason for termination;

C.  Customer files showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of funeral goods and funeral services purchased;

D.  Complaints and refund requests concerning the sale or offer of funeral goods or funeral services, whether received directly or indirectly, such as through a third party, and any response;

E.  All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

F.  A copy of each price list, contract, advertisement, and other marketing material for the sale or offer of funeral goods or funeral services.

## V. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A.  Within 30 days of receipt of a written request from a representative of the Plaintiff or the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn to under penalty of perjury; appear for depositions; and produce documents for inspection and copying. Plaintiff and the Commission are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, Plaintiff and the Commission are authorized to communicate directly with each Defendant. Defendant must permit representatives of the Plaintiff and the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.  Plaintiff and the Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VI. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.  Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 5 years after entry of this Order, each Individual Defendant, for any business selling or offering to sell funeral goods or funeral services that such Defendant, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who have contact with consumers who are seeking to arrange a funeral; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

The parties, by their respective counsel, consent to the terms and conditions of the Consent Decree as set forth above and consent to the entry thereof.

FOR THE FEDERAL TRADE COMMISSION:

WILLARD K. TOM
General Counsel

DAVID VLADECK, Director
Bureau of Consumer Protection

LOIS C. GREISMAN
Associate Director for Marketing Practices

*(signature)*
Craig Tregillus
Funeral Rule Coordinator
Federal Trade Commission
600 Pennsylvania Ave, N.W.
Washington, D.C. 20580
(202) 326-2970 (Office)
(202) 326-3395 (Facsimile)

FOR THE DEFENDANT ANDREW TORREGROSSA & SONS, INC.

By:

*(signature)*
John L. Torregrossa, President

*(signature)*
Glenn B. Maniskin
Duane Morris, LLP
Counsel to Defendant
Andrew Torregrossa & Sons, Inc.

*(signature)*
Andrew L. Torregrossa, Jr., individually

*(signature)*
John L. Torregrossa, individually

FOR THE UNITED STATES OF AMERICA

STUART F. DELERY
Acting Assistant Attorney General
Civil Division
United States Department of Justice

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

_____
Richard Hayes
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
Phone: 718-254-7000


MAAME EWUSI-MENSAH FRIMPONG
Deputy Assistant Attorney General
Civil Division

MICHAEL S. BLUME
Director
Consumer Protection Branch

_____
ALAN PHELPS
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
PO Box 386
Washington, D.C. 20044
Phone: 202-307-6154
alan.phelps@usdoj.gov

**JUDGMENT IS THEREFORE ENTERED** in favor of Plaintiff and against Defendants, pursuant to all the terms and conditions recited above.

**ENTERED:** this _____ day of _____, 2012.

---

HONORABLE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE, E.D.N.Y.